a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY JEROME KINCHEN #561357, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00915 SEC P |
| VERSUS | JUDGE EDWARDS |
| MARCUS MYERS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by pro se Plaintiff Anthony Jerome Kinchen ("Kinchen"). Kinchen is an inmate the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Kinchen complains that he is being denied constitutionally adequate dental care.

Because Kinchen fails to state a viable constitutional claim, the Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I.    Background

Kinchen alleges that he is missing nine teeth in the back and sides of his mouth, which prevents him from properly chewing his food. ECF No. 1 at 4. Kinchen asserts that he has made multiple requests for partial dentures, but his requests were denied. *Id.* Kinchen has been advised that he does not meet the qualifications for partial dentures. *Id.*

1

II. <u>Law and Analysis</u>

    A. <u>Kinchen's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.</u>

As a prisoner seeking redress from an officer or employee of a governmental entity Kinchen's Complaint is subject to preliminary screening under § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). The Court may also screen his Complaint because he has been granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

    B. <u>Kinchen does not allege deliberate indifference to serious medical needs.</u>

"The State's exercise of its power to hold detainees and prisoners. . . brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs . . . it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause."[1] *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 638–39 (5th Cir. 1996) (en banc)

---

[1] The medical care claims of a pretrial detainee proceed from his right to medical care and protection from harm under the Fourteenth Amendment, while a convicted prisoner's rights fall under the Eighth Amendment. *See Hare*, 74 F.3d at 647–48. The United States Court of Appeals for the Fifth Circuit applies the subjective deliberate indifference test to both types of claims.

(quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200) (internal quotation marks omitted)).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 104. That is, "[a] prison official violates the Eighth Amendment when his/her conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Id.* (citation and internal quotation marks omitted).

A prison official can be found liable under the Eighth Amendment only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). If the risk is obvious, the prison official's knowledge of a substantial risk of harm may be inferred. *Id.* (citation omitted). An inmate may also demonstrate deliberate indifference by showing that "a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citation omitted).

"Deliberate indifference is more than mere negligence in failing to supply medical treatment." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). "Deliberate indifference is a stringent standard of fault," requiring disregard

of a known or obvious consequence and encompassing "only the unnecessary and wanton infliction of pain, repugnant to the conscience of mankind." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Bd. of the Cnty. of Comm'rs of Bryan Cnty., Ok. v. Brown*, 520 U.S. 397, 410 (1997)); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). A disagreement with the treatment provided is not sufficient to state a claim for deliberate indifference. *See Easter*, 467 F.3d at at 464 (citation omitted).

Kinchen does not allege that Defendants were deliberately indifferent to a serious medical need. He has not presented factual allegations that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Rather, Kinchen's Complaint and attached exhibits indicate that he has been treated by dental staff for sore gums. ECF No. 1-2 at 4. Kinchen's request for partial dentures was considered, but denied because he does not meet the qualifications. *Id.* at 4; ECF No. 1 at 4. Kinchen disagrees with the dentist's opinion and with the treatment he is receiving. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *See Easter*, 467 F.3d at at 464; *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).

Additionally, Kinchen has not identified a serious medical, which is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required. *Gobert v. Caldwell*, 463 F.3d 339,

4

345 n. 12. (5th Cir. 2006). In *Huffman v. Linthicum*, 265 F. App'x 162 (5th Cir. 2008) (unpublished), the plaintiff alleged that he suffered from, "among other things, intense physical pain, swollen gums, weight loss, disfigurement, and stomach pain" due to Defendants' failure to provide him with dentures. The inmate was also forced to eat a soft food diet without medical supervision. The complaint was dismissed as frivolous, but the United States Court of Appeals for the Fifth Circuit remanded finding that, if the plaintiff suffered the injuries and conditions he alleged, then he could have a serious medical need for dentures.

Kinchen, however, only alleges difficulty chewing and sore gums. ECF No. 1 at 4; 1-2 at 4. He has not complained of symptoms indicative of a serious medical need for partial dentures such as constant or severe pain, swelling, bleeding gums, weight loss, headaches, or stomach pains. [2]

### C. Kinchen does not meet the physical injury requirement of 42 U.S.C. § 1997e(e).

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 28 U.S.C. § 1997e(e). "[I]t is the nature of the

---

[2] *Cf. Vasquez v. Dretke*, 226 F. App'x 338 (5th Cir. 2007) (unpublished) (prescribed dentures were denied, causing difficulty eating, headaches, disfigurement, severe pain, bleeding in mouth, and blood in stool); *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003) (inmate had only two lower teeth, was forced on a soft food diet, had difficulty closing his mouth, suffered severe swelling and soreness of his gums, experienced bleeding gums and weight loss); *Wynn v. Southward*, 251 F.3d 588 (7th Cir. 2001) (serious medical need where lack of dentures caused bleeding gums, inability to eat, headaches, and disfigurement); *Hunt v. Dental Dept.*, 865 F.2d 198 (9th Cir. 1989) (serious medical need alleged by severe pain, permanent damage to teeth, bleeding and infected gums, breaking teeth, and inability to eat).

relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The physical injury required by § 1997e(e) must be more than *de minimis*, but need not be significant. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was *de minimis* and would not support a claim for mental or emotional suffering)).

Kinchen has experienced sore gums and concerns that he could potentially develop medical problems if he does not chew his food sufficiently. ECF No. 1 at 4. Sore gums and potential future medical issues do not satisfy the § 1997e(e) physical injury requirement.

### III.  Conclusion

Because Kinchen fails to state a viable constitutional claim, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 6, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE